# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERIC MOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-599-JED-PJC |
| | ) | |
| TRINITY INDUSTRIES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

In this diversity action, the plaintiff, Eric Moody, alleges that he was employed by Trinity Industries as a Quality Inspector. The job involved inspecting the components of rail cars and wind turbines. Moody alleges that Trinity Industries ignored quality and safety problems because of its focus on quickly producing and shipping wind turbines. He further contends that Trinity Industries ignored "red tags" on welding and other issues, pushed products with hidden defects through production, ignored missing quality assurance documents, fraudulently approved inspection reports, forged signatures on quality assurance documents, and faked inspection measurements, which resulted in defective and unsafe products being released for public use. (Doc. 18 at ¶¶ 7, 8). According to Moody, after he alerted Trinity Industries of these issues, his supervisors began to treat him "differently and in an extremely negative and manipulative way." (*Id.* at ¶ 9). After he "continued his efforts to stop the fraudulent acts of [Trinity Industries]" and complained to management, Moody was transferred and his employment was subsequently terminated "on false pretenses." (*Id.* at ¶¶ 12-13). He suffered damages as a result. (*See id.* at ¶ 13). Moody alleges that he filed a complaint with the Office of Civil Rights Enforcement and was issued a right to sue letter. (*Id.* at ¶ 14).

Moody's Second Amended Complaint asserts claims for wrongful termination in violation of public policy, known as a "*Burk* tort" (Count One), racial discrimination, wrongful termination, and hostile work environment in violation of Oklahoma law (Counts Two, Three, and Four). Pursuant to Fed. R. Civ. P. 12(b)(6), Trinity Industries filed a "Partial Motion to Dismiss," asserting that Moody has not stated a claim under Count One of the Second Amended Complaint. (*See* Doc. 25).[1] On a Rule 12(b)(6) motion, the Court must determine whether Moody has stated a claim to relief under Count One that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-569 (2007). In making that determination, the Court must accept all well-pleaded allegations of the Second Amended Complaint as true, even if doubtful, and must construe the allegations most favorably to the plaintiff. *See id.* at 555.

Count One of Mr. Moody's Complaint is premised upon *Burk v. K-Mart Corp.,* 770 P.2d 24 (Okla. 1989). In *Burk*, the Oklahoma Supreme Court adopted a public policy exception to the at-will termination doctrine, which it described as follows:

> We thus follow the modern trend and adopt today the public policy exception to the at-will termination rule in a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law. We recognize this new cause of action in tort. It is well settled in Oklahoma a tort may arise in the course of the performance of a contract and that tort may then be the basis for recovery even though it is the contract that creates the relationship between the parties. An employer's termination of an at-will employee in contravention of a clear mandate of public policy is a tortious breach of contractual obligations.

770 P.2d at 28. The court further noted that such a claim is an "actionable tort claim under Oklahoma law . . . where an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." *Id.* at 29.

---

[1] Trinity Industries filed an Answer to Counts Two, Three, and Four. (Doc. 26).

Moody's allegations are sufficient at this stage to state a *Burk* claim under Oklahoma law. As noted, he alleges that he was discharged for reporting serious quality problems and falsification of reports, which resulted in the release of defective products that were unsafe for public use. (*See* Doc. 18 at ¶ 8). Under Oklahoma law, "[e]mployees who report and complain of an employer's unlawful or unsafe practices and whose actions seek to further the public good by unmasking these breaches should be protected from an employer's retaliation." *Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1215-16 (Okla. 2008). At the dismissal stage, Moody is not required to present evidence to support his claim. *See id.*

Accepting the factual allegations of the Second Amended Complaint as true, Moody has alleged facts sufficient to state a plausible claim under *Burk*. The Partial Motion to Dismiss (Doc. 25) is thus **denied**.

SO ORDERED this 3rd day of August, 2017.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE